UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. TERAGAWA,<br><br>　　　　　Defendant. | No. 2:21-cv-1330 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff paid the filing fee. Counsel for defendant waived service of process. Plaintiff requests that the court appoint counsel. As discussed below, the motion is denied without prejudice.

　　　　Plaintiff claims that a state court judge suspended criminal proceedings to have plaintiff involuntarily medicated at a state hospital under California Penal Code Section 1370.[1] In light of such order, plaintiff seeks the appointment of counsel in this action. On November 8, 2021, plaintiff filed a notice of change of address, reflecting his transfer to the psychiatric inpatient program at Salinas Valley State Prison in Soledad. Plaintiff appended a copy of the state judge's

---

[1] It is unclear what criminal proceedings were suspended. The CDCR inmate website reflects that plaintiff is serving life without the possibility of parole. Unlike other inmates whose initial criminal proceedings were suspended and not yet convicted, plaintiff has a CDCR inmate identification number.

1

order for involuntary medication order and further review hearing on January 20, 2022.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

While the court is sympathetic to plaintiff's circumstances, it is premature for the court to determine whether plaintiff is unable to prosecute this straightforward case alleging the use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint is articulate, well-written, and supported by appropriate exhibits.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. However, in light of the recent order requiring involuntary medication, the undersigned will stay this action for ninety days to allow plaintiff an opportunity to determine whether such involuntary medication will impinge on his ability to litigate this action. On or before the ninety-day period expires, plaintiff shall file a status report addressing his current circumstances. If plaintiff renews his motion for appointment of counsel, plaintiff should provide specific facts he believes warrant the appointment of counsel at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without prejudice.

    2. This action is stayed for ninety days. On or before the ninety-day period expires, plaintiff shall file a status report as set forth above.

    3. Defendant is relieved of his obligation to file a responsive pleading until further order of court.

Dated: November 17, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl1330.31