UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>S. TERAGAWA,<br><br>        Defendant. | No.  2:21-cv-1330 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983.  On April 1, 2022, plaintiff filed a motion for summary judgment, which he signed on March 26, 2022, and presented to prison staff for mailing on March 28, 2022.  (ECF No. 29 at 4, 5.)  Plaintiff seeks summary judgment on the merits of his claims against defendant.  However, because plaintiff's motion is premature, it should be denied without prejudice.

      Under Rule 56(d) of the Federal Rules of Civil Procedure, parties are entitled to conduct discovery.  Gordon v. Marquez, 2019 WL 1017323, at *1 (E.D. Cal. Mar. 4, 2019).  Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery.  Id. (citing Fed. R. Civ. P. 56).

////

1

     Here, defendant is entitled to an opportunity to pursue discovery before responding to a summary judgment motion. Plaintiff's motion was filed four days after defendant filed an answer and was signed two days before the court issued its discovery and scheduling order (ECF No. 28). Thus, defendant was deprived of an opportunity to conduct discovery. Accordingly, plaintiff's motion for summary judgment should be denied as premature. Of course, nothing prevents plaintiff from filing a future motion for summary judgment that incorporates all relevant materials obtained after the period set for the completion of all discovery as contemplated by Rule 56. Id. (citing see, e.g., Moore v. Hubbard, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature)). In other words, all parties should refrain from filing a motion for summary judgment until after discovery has closed.

     In addition, defendant points out that plaintiff improperly shared details of defendant's offer made during the settlement conference. (ECF No. 30 at 4, citing ECF No. 19 at 1-2.) "Generally, evidence of an offer . . . of settlement is inadmissible and irrelevant to prove liability or invalidity of the claim. . . ." F.V. & Dani Martin, v. Jeppesen, 2022 WL 2065060, at *4 (D. Idaho June 8, 2022). "This is so because different motivations exist during settlement negotiations than are present during litigation." Id., citing Fed. R. Evid. § 408. Thus, plaintiff is not permitted to rely on settlement negotiations to move for or oppose a motion for summary judgment.

     Finally, just as plaintiff is required to offer proof of his claims in opposing a motion for summary judgment (ECF No. 28 at 9), plaintiff must also submit proof in support of a motion for summary judgment. Fed. R. Civ. P. 56; Local Rule 260; see also ECF No. 28 at 9 (Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).)

     Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 29) be denied without prejudice.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
3  objections shall be filed and served within fourteen days after service of the objections.  The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  Dated:  June 14, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tayl1330.msj.prem